*230
 
 Daniel, J.
 

 We are called upon to put a construction on the last will of Peter O. Picot. We are of the opinion, first, that on his death his wife was tenant for life of the real and personai estate, remainder to the two children; and that these estates were subject to be changed and altered on the contingency of the subsequent marriage of the widow. The child
 
 in ventre sa mere
 
 (Elizabeth) was to be considered a child in
 
 esse
 
 and
 
 living
 
 at- the testator’s death.
 
 Doe
 
 v
 
 Clark, 2
 
 H. Blac. 379.
 
 Mogg
 
 v
 
 Mogg,
 
 1 Mer. Rep. 654.
 
 Trower
 
 v
 
 Butts,
 
 1 Sim. & Stu. 181. 1 Powell on Dev. 326,
 
 (marginal page Jar. Edit.) Secondly;
 
 the contingency happened — The widow married the defendant Armis-tead. And then by force of th.e executory devise, the wife took a moiety absolutely in the real and personal estate.
 
 “
 
 The other half ” (in the words of the will) was to go to
 
 “
 
 his child or children living at his death.”
 
 Thirdly;
 
 one of the testator’s children (Elizabeth) died before the marriage of her mother with Armistead, and before she armed at the age of twenty-one years or married. The defendants claim the share (which would have belonged to Elizabeth if she had lived) under this clause in the will: “If my child or children should die before they arrive at the age of twenty-one or marriage, then I.give
 
 their estate
 
 to my wife for life &c.” The complainant claims the said share, contending that there were cross-remainders between him and his sister by implication. We are of opinion that the defendants have no right to the said share of the deceased child, by force of the above-mentioned limitation in the will. For the testator intended that the moiety of his estate, which he had given to his children, should go over to his wife for life &c. only on the event that
 
 both
 
 the children died before twenty-one years of age or marriage. These words, “ die before
 
 they
 
 arrive at the age of twenty-one or marriage,
 
 then
 
 I give
 
 their
 
 estate to my wife for life &e,” connected with the fact, that the surviving child is entirely omitted in the clause creating the ulterior limitation, go strongly to prove that such ulterior limitation was not to take effect, during the life of either of the children.
 

 Fourthly; was there among the children a eross-limiia
 
 *231
 
 tion by implication? We think that there was not. The contingent executory devise to the children of a moiety of the testator’s estate,- on the event of the marriage of the widow, became vested on that event taking place. If the moiety to the children did not vest then, wc would ask when could it ever vest? We think that it vested then, subject to be divested on the death of
 
 all
 
 the children before the age of twenty-one or marriage. Elizabeth being a child, in law, living at the death of the testator, the contingent executory devise of one fourth to her, on her death was transmitted by
 
 the laiv
 
 to her representatives. And on the marriage of the widow, it became vested-in the said representatives, subject to be divested and go over on the event,that
 
 all
 
 the children died before-lwenty-one and unmarried. The last event has not arrived, and it may never arrive. Why then take from the representatives ot Elizabeth her share, and turn it over to Julian? If Julian should die before twenty-one or marriage, then, and not till then, will the representatives of Elizabeth be compelled to give up her share to the ulterior devisees and legatees. To introduce cross-remainders- in such a case as this, would be to divest a clear gift to Elizabeth, upon reasoning merely conjectural; for the argument, that the testator could not intend the retention of the property by the respective devisees to depend upon the prescribed event happening-to the whole, however plausible, scarcely amounts to more than conjecture. 2 Pow. on Dev. 625 (Jar. Edit.) That such an executory devise as this became a vested interest, immediately on the . event happening, and that there was not a cross-limitation by implication among the children on the death of either of them, has been expressly decided by Lord Alvanley, master of the Rolls in
 
 Machell v Winter,
 
 3 Ves. 236, and although overruled by the Chancellor on appeal, 3 Ves. 536, he still held to his opinion, see
 
 Booth
 
 v Booth, 4 Ves. 402. Afterwards a case, like the present in all its points,
 
 (Skey v Barnes,
 
 1 Mer. 334) came on for a hearing before Sir William Grant. He held that the bequests vested immediately, and that the share of the deceased child belonged to her representatives, subject to be divested and go over, on the event of
 
 all
 
 the children-
 
 *232
 
 dying before twenty-one or marriage. Mr. Jarman says, in his edition of Powell on Devises, page 630, that the case of
 
 Skey
 
 v
 
 Barnes,
 
 may, it is conceived, be considered to have g^ed ¡he rale of law on this important subject. The case of
 
 Scott
 
 v
 
 Bargeman,
 
 2 P. W. 68, was decided in fa.vor of ■the surviving child, on the supposition, that the shares of the two deceased children were not absolutely vested. And Lord Rosslyn decided the case of
 
 Machell v Winter,
 
 3 Ves. 536, on the same notion, that the shares of the two grand-sons, who died under 21, were contingent and not vested estates. All the Chancellors in England, who have said any thing on the subject, admit, that, if the legacy or devise is
 
 once vested, it
 
 will go to the representatives, on the death of a child in such a case as this, and the surviving ■child would not take by way of cross-limitation by implication. The case of
 
 Davis
 
 v
 
 Shanks, 2
 
 Hawks R. 117, appears to be in collision with the decision we are now about to make. That case does not appear to have been argued, and the court, in giving their opinion, seem to have gone on decisions, governing devises to several as tenants in common in tail, with a remainder over in fee to a third person, on the event of
 
 all
 
 the tenants in tail dying without issue. In such a ease cross remainders between the tenants in tail hold of necessity: the testator has shown an intention to disinherit his heirs, and he has declared in his will, that the ulterior devisee in remainder shall not fake any thing in the land, until
 
 all
 
 the tenants in tail shall die without issue. If, then, one of the tenants in tail die without issue, that interest will go to the surviving tenants in tail, by way of cross-remainder by implication.
 
 Clacke's case,
 
 Dyer 330.
 
 Holmes
 
 v
 
 Meynell,
 
 Sir T. Ray. 452. S. C. 2 Show. 135,
 
 Gilbert
 
 v
 
 Witty,
 
 Cro. Ja. 655. These are the cases, relied on by the court in
 
 Davis
 
 v
 
 Shanks,
 
 to support their decision. But when we come to examine these cases, we discover that they relate to quite a different subject from that, which was then to be tried and decided, and that they do not govern the case, which was then before the court. All the cases, relied on in the decision of that case, related to the rule, creating cross-remainders between tenants in tail, and had no bearing
 
 *233
 
 on a case like this.
 

 Fifthly; the plaintiff is the sole heir and representative of his sister, as to her real estate. And the personal estate of the child Elizabeth must go to her administrator to be distributed among her next of kin, who are her brother Julian and her mother, the present defendant. These representatives take the estates as above described, subject to be divested,' and
 
 go
 
 over to the ulterior remainder-man, on the death of Julian under 21 and unmarried.
 

 Perhaps the parties will be satisfied with this declaration and adjust tire matters in dispute between themselves. But this court will not take the accounts, until an administrator of the deceased
 
 child
 
 be made a party.
 

 By consent the cause was remanded to the court below.